UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS F. MULLINS,

                Plaintiff,                                    Hon. Hala Y. Jarbou

v.                                                      Case No. 1:21-cv-821

GOVERNOR GRETCHEN WHITMER
and COL. JOSEPH GASPER,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Thomas Mullins, a convicted sex offender subject to Michigan's Sex Offender Registration Act, *see* Mich. Comp. Laws § 28.721 *et seq.* (SORA), has filed a pro se civil rights complaint against Defendants Governor Gretchen Whitmer and Col. Joseph Gasper, Director of the Michigan State Police, in their official capacities. Mullins seeks declaratory and injunctive relief against Defendants as follows: (1) a declaratory judgment that enforcement of the 2006 and 2011 amendments to SORA against him violates the Ex Post Facto Clause of the United States Constitution; and (2) a preliminary and permanent injunction enjoining Defendants from enforcing the 2006 and 2011 amendments against him. (ECF No. 1 at PageID.4.)

This matter is now before me on Defendants' motion to dismiss. (ECF No. 11.) Mullins has not responded to the motion within the time set forth in Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED,** and the case **DISMISSED**.

## I. Background

Mullins filed an almost identical complaint in this Court on July 2, 2020, captioned *Thomas Franklin Mullins v. Gretchen Whitmer, Governor of the State of Michigan and Joseph Gasper, Director of the Michigan State Police*, No. 1:20-cv602 (W.D. Mich.) (*Mullins* I). The pertinent facts were as follows:

> In 1993, Mullins was convicted of two counts of Criminal Sexual Conduct, Mich. Comp. Laws § 750.520, in the Allegan County Circuit Court and sentenced to a term of imprisonment. SORA had not been enacted when Mullins was convicted and sentenced. SORA was enacted in 1994 and became effective on October 1, 1995. Mullins subsequently completed his parole and was placed on the Michigan Sex Offender Registration. Under SORA as originally enacted, Mullins was required to register as a sex offender only one time and to pay a one-time $50.00 registration fee. (ECF No. 1 at PageID.3–4.)

> In 2006, SORA was amended to include geographic exclusion zones, which prohibit sex offenders from working, living, and "loitering" within 1,000 feet of a school. In 2011, SORA was amended again and applied retroactively to Mullins. The 2011 amendment created a tiered classification system, pursuant to which Mullins's registration requirement was increased from a period of 10 years to lifetime. The 2011 amendment also required Mullins to register quarterly and pay a $50.00 fee each time he registered. (*Id.*)

> In August 2016, the Sixth Circuit held in *Does #1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) ("*Does I*"), that the 2006 and 2011 amendments to SORA constituted punishment and, therefore, retroactive application violated the Ex Post Facto clause. In 2016, shortly after the Sixth Circuit decided Does I, a group of Plaintiffs filed a class action complaint in the Eastern District of Michigan seeking to have SORA declared unconstitutional and unenforceable. *John Does #1–6 v. Snyder, et al.*, No. 2:16-cv13137 (E.D. Mich.) ("*Does II*"). On September 11, 2018, the *Does II* court entered a stipulated order certifying the class under Federal Rule of Civil Procedure 23(b)(2). (*Does II* Sept. 11, 2018 Order, ECF No. 15-3.) Mullins is a member of two classes under the September 11, 2018 Order: (1) the "primary class," which includes "all people who are or will be subject to registration under Michigan's Sex Offenders Registration Act"; and (2) the "pre-2006 ex post facto subclass," which includes "members of the primary class who committed their offense or offenses requiring registration before January 1, 2006, and who have committed no registrable offense since." (*Id.* at PageID.133.)

*Mullins v. Whitmer*, No. 1:20-cv-602, 2020 WL 7390496, at *1 (W.D. Mich. Nov. 24, 2020), *report and recommendation adopted*, 2020 WL 7389178 (W.D. Mich. Dec. 16, 2020).

Mullins' instant complaint adds nothing of substance to the foregoing facts, other than his allegation that the State of Michigan has failed to comply with the orders issued in *Does I* and *Does II*. (ECF No. 1 at PageID.1.) However, since the Court entered the judgment in *Mullins I*, a final judgment has been entered in *Does II*. (ECF No. 12-5.)

## II. Motion Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and

exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

Defendants raise two arguments in support of their motion. First, they argue that Mullins's damages claim is barred by the Eleventh Amendment. But nothing in Mullins's complaint in this case indicates that he is seeking damages. Rather, his complaint is for declaratory and injunctive relief. (ECF No. 1 at PageID.1, 4.) Thus, there is no damage claim for the Court to dismiss.

Second, Defendants contend that this case must be dismissed because Mullins is a member of the Rule 23(b)(2) mandatory classes in *Does II*. This was the basis for the dismissal in *Mullins I*, and it continues to apply. 2020 WL 7390496, at *3–4. Nothing has occurred since *Mullins I* was decided that would support a different outcome. The relief Mullins seeks in his complaint here is identical to the relief granted in *Does II*. Moreover, the court in *Does II* retained jurisdiction to ensure compliance with its orders. (ECF No. 12-5 at PageID.69.) Accordingly, I recommend that this case be dismissed.

As part of his complaint, Mullins requested a temporary restraining order. In light of the recommended dismissal of this action, I also recommend that the Court deny Mullins's request for a temporary restraining order as moot. *See Miller v. Hurst*, No. 3:17-0791, 2020 WL 3871143, at *10 (M.D. Tenn. July 9, 2020), *report and recommendation adopted*, 2020 WL 5757907 (M.D. Tenn. Sept. 28, 2020) ("[T]he Court's conclusion that each of the claims in the Complaint is subject to dismissal renders Plaintiff's request for a preliminary injunction moot.").

### IV.   Conclusion

For the foregoing reasons, I recommend that Defendants' motion to dismiss (ECF No. 11) be **granted** and that this case be **dismissed**. I further recommend that Plaintiff's request for a temporary restraining order be **denied as moot**.


Dated: January 14, 2022                                    /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).